Harry W. WARREN, Jr.,
Plaintiff-Appellant,

v.

Paula Jean Gray WARREN,
Defendant-Appellee.

Court of Appeals of Tennessee,
Western Section, at Jackson.

Dec. 30, 1985.

Affirmed by Supreme Court
May 11, 1987.

Daniel Loyd Taylor, Memphis, for plaintiff-appellant.

Richard F. Vaughn, Memphis, for defendant-appellee.

CRAWFORD, Judge.

Plaintiff Harry Warren, Jr., appeals from the final decree of the Chancery Court granting him a divorce from defendant Paula Warren and making a division of the marital property. No complaint is made about the court's action in granting the divorce on the grounds of cruel and inhuman treatment, but plaintiff does complain about the court's division of the marital property pursuant to T.C.A. § 36–4–121 (1985 Supp.). Plaintiff also presents as his first issue for review the following:

> Did the Trial Court err by denying Appellant's request that a court reporter be present during conferences in chambers while issues in this matter were discussed, thereby denying Appellant his constitutional right to a trial in open court and precluding any possible full review by an appellate court?

Plaintiff asserts in his brief that there were at least two or possibly three meetings of counsel and the judge in chambers without the presence of the client. The record reflects that on one such occasion plaintiff's counsel requested the court to have the court reporter present at the meeting. This request was refused by the court. Although there is no stenographic

record or other record of what transpired in chambers on this occasion, or for that matter what transpired in chambers on any occasion, plaintiff asserts in his brief:

However, Counsel can state that these conferences exceeded the general bounds of a pre-trial conference in which it is simply determined what matters are at issue and what matters are undisputed.

The issue presented by plaintiff brings before this Court several matters deserving comment. Before considering whether the court reporter should have been present in the chambers conference we are compelled to comment about the growing practice of using such conferences during the course of trials, and particularly non-jury trials.

While it is quite true that the trial court has wide discretion in the manner and conduct of its trials, there are certain bounds that should be observed. We certainly recognize the usefulness of pretrial and other conferences to discuss the procedural aspects of a trial and to prepare for and obtain the orderly presentation of the proof to expedite the court's business for the benefit of all parties and the public in general. However, a party litigant is obviously vitally interested in the substantive aspects of his or her case and is entitled to be present in all stages of the actual trial of the case. We quote from 75 Am.Jur.2d, Trial § 33:

In civil cases the policy of the law requires that all proceedings be open and notorious and in the presence of the parties, so that they may take exceptions in the manner permitted by law, and not to be put to extraneous proof to show that an error was committed in a secret proceeding or out of court. Evidence should be taken and instructions given in open court. . . .

■ We recognize that there may be instances when the trial court's discretion in the conduct of its trials demands a private hearing, but we find it difficult to envision a case under normal circumstances where the trial court's exclusion of the party liti-

gants would be proper. We feel that in the course of litigation, matters considered in chambers should be limited to those procedural matters working toward the orderly and efficient conduct of the trial and should under no circumstances delve into the merits of the controversy and rulings thereon by the court in the absence of the party litigants.

■ Having considered in chambers conferences generally, we come now to the court's action refusing plaintiff's request to have a court reporter attend the conference. Obviously, without a transcript of the proceedings in chambers, this court has no knowledge of the proceedings nor the reliance placed thereon by the court in reaching its decision. As we previously noted, the party litigant is entitled to be present at all stages of the proceeding. Certainly in the absence of the party and upon the request of the party a court reporter should be present to record the proceedings.

T.C.A. § 20–9–101 (1980) provides:

*Appointment of stenographer.*—Upon the trial of any cause or proceeding in any court of record, upon the request of either party, the judge of said court shall appoint a competent stenographer, who shall first be duly sworn to make a true, impartial, and complete stenographic report of all the oral testimony given in trial of said cause or proceeding, as well as the rulings of the judge.

Concerning a similar statute 75 Am.Jur.2d Trial § 58, p. 171 states:

In the absence of fault on the part of the litigant who insists on having the trial reported, a statute which provides that, upon the request of either party, the trial judge shall direct the reporter to take full stenographic notes of the proceedings, *is mandatory.* (Emphasis supplied).

In the case before us, the court reporter was present transcribing the proceedings of the trial and the judge refused counsel's request that the court reporter attend the

in chambers conference. Clearly, the in chambers conference could have and may have included "rulings of the judge" within the meaning of § 20–9–101. We can think of no reason why a court reporter should not have been permitted to take down all of the proceedings of this case including the in chambers conference and the court's refusal to grant such permission is an abuse of discretion. Since we have no way of knowing what is lacking in the record because of the absence of the court reporter during part of the proceedings, we are compelled to reverse the judgment of the court and remand this case for a new trial.

■ Furthermore, we note in reviewing the transcript of the evidence before us that there was no proof introduced concerning the grounds for divorce. At the beginning of the testimony the trial court stated:

COURT: Gentlemen, since the grounds are being stipulated, there will be no need for us to get into that and really all the court needs are just the facts about the property.

T.C.A. § 36–4–114 (1980) provides:

*Proof required.*—If the defendant admits the facts charged in the bill or petition and relied upon as the ground for a divorce, or the bill be taken for confessed, the court shall, nevertheless, before decreeing a divorce, except a divorce on the ground of irreconcilable differences, hear proof of the facts alleged as aforesaid, and either dismiss the bill or petition or grant a divorce, as the justice of the case may require.

This statute precludes the obtaining of a divorce by stipulation and compliance with the statute is a pre-requisite to a valid divorce. This too, compels a reversal and remand for new trial.

Having determined that this case must be remanded for a new trial, we note for future reference that a review of the transcript before us indicates that for the most part the division of marital property resulted in apportionment of the debts to Mr. Warren and the assets to Mrs. Warren.

The judgment of the trial court is reversed, and this case is remanded for a new trial. Costs are assessed against the appellee.

TOMLIN, J., and MATHERNE, Special Judge, concur.