IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 2000 Session

## ALFRED DOWDY v. WILLIE JOE ALEXANDER, ET AL.

**A Direct Appeal from the Chancery Court for Shelby County**
**No. 98-0583-1      The Honorable Walter Evans, Chancellor**

_____

**No. W1999-00222-COA-R10-CV - Filed July 27, 2000**

_____

After Local union's executive board terminated employment of its executive director, a member of the board sued in chancery court to enjoin the union from terminating the executive director. The chancery court issued a temporary injunction. After union's internal procedures established that the termination was not in violation of the union's constitution, the union moved to dissolve the injunction and to dismiss the suit. From the chancery court's order denying the motion, the union appeals

**Tenn. R. App. P. 10, Appeal as of right; Judgment of the Chancery Court is Vacated, Injunction Dissolved and Complaint Dismissed.**

W. FRANK CRAWFORD, PJ., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Alan Bryant Chambers and Jeff A. Crow, Jr., Memphis, For Appellants

Donald A. Donati, Memphis, For Appellee

### OPINION

This is a T.R.A.P. 10 extraordinary appeal. Defendants, Willie Joe Alexander (Alexander), and Local 1733 of the American Federation of State, County, and Municipal Employees (AFSCME), appeal the order of the trial court denying their motion to dissolve the temporary injunction issued and to dismiss the complaint filed by plaintiff, Alfred Dowdy (Dowdy).

Plaintiff's complaint, filed June 30, 1998, alleges that plaintiff is a member of the executive board of Local 1733, that defendant, Alexander, is president of Local 1733, and that Local 1733 AFSCME is a unincorporated association acting as the collective bargaining representative of several employees with various employers in Shelby County, Tennessee. The complaint avers that a special board meeting of the executive board was scheduled for May 29, 1998 to evaluate the performance of the union's executive director, Dorothy Crook, who has been the executive director since

December, 1995. The complaint avers that at that board meeting the majority of members of the executive board voted to terminate the employment of Ms. Crook as executive director effective June 30, 1998, but that plaintiff voted against the action to remove Ms. Crook. The complaint alleges that at no time prior to the meeting was Ms. Crook or the executive board given notice of the charges or that there would be a vote on whether to retain her. The complaint further avers that prior to the board meeting, Ms. Crook had stated to the executive board and informed the international union that an improper life insurance plan for some of the Shelby County employees had been instituted by Alexander and other members of the executive board in violation of the union constitution and the international constitution. The complaint alleges that the May 29, 1998 meeting was not conducted pursuant to the rules and procedures of the union and that the action taken at the meeting was void because of failure to comply with such procedures.

The complaint further avers that on June 1, 1998, Alexander announced by letter to each member of the Local that a general membership meeting would be held June 16, 1998, at 6 p.m. The complaint alleges that the announcement identified an item of business as the action of the executive board dismissing Ms. Crook. The complaint further avers that at the June 16 meeting a motion was made from the floor to rescind the action of the board, but Alexander refused to allow the question to be voted on by the general membership, ruling that the motion was out of order because the constitution of Local 1733 gives the executive board the authority to hire and fire the executive director and also because there was no a quorum present at the meeting. Dowdy further alleges that he has filed charges with the international union concerning the illegal act of defendant Alexander and other members of the board and avers that Ms. Crook has also filed charges with the international union against defendant Alexander and other officers and members of the board. The complaint alleges that because of ongoing contract negotiations and other responsibilities of Ms. Crook, the union will be irreparably harmed if another executive director is hired by the board. The complaint seeks a temporary restraining order to prevent removing Ms. Crook as executive director and seeking a replacement for her. The complaint also seeks a temporary injunction to enjoin defendants from removing Ms. Crook and filling the position until the general membership is allowed to vote and until such time as the international union addresses the charges filed against defendant Alexander and others arising out of the efforts to remove Ms. Crook. A temporary restraining was issued and a hearing for the temporary injunction was set for July 13, 1998.

In response to the complaint, defendants filed "Defendants' Statement of Opposition to Issuance of Temporary Injunction and Motion to Dismiss Complaint," which avers that Ms. Crook was terminated on May 29, 1998, and placed on administrative leave with pay. It is averred that she was given the option of remaining an employee of the Local by becoming a staff member. The pleading further avers that she rejected the option, and her employment was terminated effective June 30, 1998. Copies of the Minutes of the executive board were attached and incorporated in the pleading. The pleading further alleges that Article 6 of the constitution grants the sole and exclusive power to the executive board for hiring an executive director and setting the terms of employment. The pleading further avers that Ms. Crook did not have a contract of employment with the Local and was an employee at will. The pleading moves to dismiss the complaint because the plaintiff has failed to exhaust the remedies provided for in the international constitution of AFSCME or the Local 1733 constitution, and that if there had been a breach of contract of employment with Dorothy

Crook, an adequate remedy at law exists for her to sue for damages. It is further averred that the complaint fails to state a claim upon which relief can be granted.

On July 29, 1998, the chancery court entered "Order Granting Temporary Injunction" which states as follows:

> This cause came on to be heard on July 17, 1998 before the Honorable Neal Small, Chancellor, upon statements of counsel and the entire record in this cause. From all of which it appears to the Court that a temporary injunction should issue as set out in this Order hereafter.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED:
>
> 1. The Defendants are restrained from hiring a new Executive Director, pending further orders of the Court.
>
> 2. Dorothy Crook will continue to receive her pay as Executive Director in accordance with this Order but may not exercise the office and the authority of Executive Director.
>
> 3. All parties being desirous of a resolution by the International Union of matters regarding the discharge of Dorothy Crook, the Court will hold proceedings in this cause in abeyance until a determination is made; and when made, the parties will report to the Court regarding the status of the case.
>
> 4. Pending a resolution of this case by the parties or judicial resolution by the Court, or until such time as the Court deems appropriate, A.F.S.C.M.E. Local 1733 shall pay Dorothy Crook the salary and wages she regularly received as Executive Director. In the event that she is not reinstated, then A.F.S.C.M.E. Local 1733 shall be entitled to set-off for the salary payments against severance and/or benefits to which she is entitled.
>
> 5. This temporary injunction shall be in effecting [sic] pending further orders of this Court.

On July 29, 1999, the defendants filed a "Motion to Dismiss and Dissolve Temporary Injunction." The affidavits and exhibits thereto filed in support of the Motion to Dismiss reflect the following undisputed facts: Article VI, Sec. 1 of the Constitution of Local 1733 provides that the "local executive board shall hire the director who shall be the chief administrative officer of this

local." In response to a complaint filed by Dowdy, the international president, Gerald W. McEntee, advised Dowdy of his ruling:

> There is nothing in the Constitution of Local 1733 that gives the membership the authority to review or reverse decisions made by the executive board regarding the hiring or firing of the director. Based on the quoted portion of Article VI, Section 1, it is clear that the executive board, and only the executive board, has the authority to make decisions regarding the hiring and firing of the director, and that the membership of the Local does not have the authority to overrule such decisions or to usurp the authority of the executive board to make them. Therefore, the president of Local 1733 properly ruled the motion made by Brother Jones at the June 16 membership meeting out of order.

In addition to Dowdy's administrative complaint, Crook also filed charges against Alexander and other members of the Local pursuant to the international operating procedures of the union. She challenged the decision by the executive board to terminate her employment. International president, Albert Diop, was appointed to serve as trial officer and conducted hearings on August 13, September 14 - 15, and October 9, 1998, in Memphis, Tennessee. The trial officer summarized six charges filed by Ms. Crook, all of them dealing with her termination as executive director. The trial officer determined in his report dated December 14, 1998, that all of the accused were not guilty of the charges filed against them, and that Crook had been properly terminated in accordance with the constitution of the union. By a letter dated August 20, 1999, Ms. Crook was duly notified that the AFSCME International Executive Board heard her appeal from the trial officer's decision and upheld the decision of the union trial officer.

On October 12, 1999, the trial court entered its "Order on Motion to Dismiss and Motion to Modify Temporary Injunction," which states:

> This cause came to be heard upon Defendants' Motion to Dismiss and Motion to Dissolve the Temporary Injunction entered on July 29, 1998. Upon review of the motions, and affidavit in support of the motions, the response filed by Plaintiff, upon statements and argument of counsel, and upon the entire record in the file, it appears to the Court that the motion to dismiss should be denied. The Court makes the following findings:
>
> 1. The Court entered an injunction enjoining the discharge of Dorothy Crook until further proceedings from this Court and until the resolution of judicial charges filed with A.F.S.C.M.E. by Ms. Crook;
>
> 2. The Court further ordered that the parties report back to the Court at the conclusion of the A.F.S.C.M.E. judicial proceedings and that

the parties have now reported back to the Court. There is a substantial issue concerning the manner in which Ms. Crook was terminated and the notice given to her and the members of the Board as to the purpose of the meeting. Further, it was a very close vote in favor of her removal. The Court believes that the injunction should be modified to permit a re-vote by the Board on whether to retain or dismiss Ms. Crook.

3. The injunction shall remain in effect until such time as there is a special meeting of the Board of Director of Local 1733 of A.F.S.C.M.E. where the charge of "lack of leadership" against Ms. Crook shall be heard and at said meeting Ms. Crook, Plaintiff, and other board members shall have an opportunity to address the charge and the board shall vote on whether to retain or dismiss Ms. Crook. This Board meeting shall be in the presence of the general membership and the general membership shall be made aware of the purpose of the meeting and the right to attend at least two (2) weeks before the meeting. This special meeting of the Board of Directors shall be held on Saturday, November 20, 1999 beginning at 9:00 a.m. The re-vote of the Board will be dispositive of the issue of the retention or dismissal of Dorothy Crook.

4. On November 22, 1999, the temporary injunction shall be dissolved provided there is a Board meeting in compliance with this Order. The Temporary Injunction shall remain in effect in all other aspects.

5. The Court had previously addressed the Motion to Disqualify Judge in conference with the attorneys for the parties. For the reasons stated in the conference, the Court denies the Motion to Disqualify Judge.[1]

---

[1] Although defendants have not presented an issue concerning this action of the chancellor, the nature of the motion and the manner of its disposition calls for some comment by this Court. On July 22, 1999, defendants filed a "Motion to Disqualify Trial Judge." The motion noted that the key issue in the litigation is whether Dorothy Crook was lawfully terminated as executive director of Local 1733. The motion states that one Yvette Salter, a board member of Local 1733, informed the board of directors that the trial judge, in a conversation before his election to the bench, referred to Dorothy Crook as "my good friend," and commented that Ms. Crook helped him get a political endorsement from the Local 1733. The motion alleges that good cause exists for recusal, because there is a reasonable basis to question impartiality. *See* Rules of the Supreme Court of Tennessee, Rule 10, Canon 3E *Disqualification.*

It is highly unlikely that the "conference with attorneys" occurred in open court. Neither this Court, the members of the union, nor the public at large have any knowledge of what "reasons were stated in the conference" that warrants a denial of the motion. We find nothing to justify why such a serious charge was not fully aired in a public

(continued...)

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED:

1. That the Motion to Dismiss and the Motion to Dissolve Temporary Injunction are hereby denied;

2. That the Temporary Injunction shall remain in effect until November 22, 1999 provided there is compliance with this Order; and

3. That the Temporary Injunction shall be dissolved if a special meeting of the Board is held on November 20, 1999 beginning at 9:00 a.m. to decide whether to retain Dorothy Crook as Executive Director and at said meeting, Plaintiff, Defendant Alexander, Ms. Crook, and any members of the board shall be heard on the issue and the general members shall be notified of the meeting at least two (2) weeks before this meeting and the membership shall have the right to attend this meeting.

4. The decision of the Board will be dispositive of the issue of retention or dismissal of Dorothy Crook, but not as to other issues in the case.

On October 29, 1999, the court entered a "Supplemental Order on Motion to Dismiss and Motion to Modify Temporary Injunction," which provides:

This cause came on to be heard *in camera* on October 28, 1999 before the Hon. Walter L. Evans, Chancellor, upon defendants' oral motion to clarify the Court's <u>Order on Motion to Dismiss and Motion to Modify Temporary Injunction</u>, entered October 12, 1999, statement of counsel, and the entire record in this cause; and the Court found clarification would be helpful and proper. The defendants asked the Court if the order made a re-vote by the executive board to retain or dismiss the executive director required or optional. The Court stated that the re-vote was required by the Court because the Court was of the opinion that advance notice of the possibility of termination was not given to the executive board and the executive director and that the vote to terminate was close.

---

[1](...continued)
hearing. This Court has previously commented concerning the perils of in-chambers conferences and the decisions made by such conferences. ***See Warren v. Warren***, 731 S.W.2d 908 (Tenn. Ct. App. 1985). Needless to say, the allegations of partiality on the part of a judge casts an undesirable reflection upon the judiciary and should require a full hearing in open court.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the <u>Order on Motion to Dismiss and Motion to Modify Temporary Injunction</u>, entered October 12, 1999, is properly interpreted to mean that the executive board is required to re-vote on the issue of whether the executive director is to be retained or dismissed.

Defendants were granted an extraordinary appeal pursuant to Rule 10 Tenn. R. App. P. and present for review two issues, as stated in their brief:

1. Whether the chancery court erred by impermissibly interfering in the government of the local union by requiring a "re-vote" of a decision of the executive board to terminate the executive director?

2. Whether the chancery court erred by imposing specific elements of process as a condition precedent to firing an at-will employee?

At the conclusion of oral argument counsel for appellants requested permission to demonstrate to the court that it had the power to dispose of the entire case as part of this extraordinary appeal. Parties were allowed ten days to file supplemental briefs on a third issue:

3. Whether on extraordinary appeal of the order of the chancellor mandating a re-vote of the executive board of a decision to terminate the executive director, this Court has the power to dispose of the entire case.

Although the issues as framed by defendants will be discussed, we perceive that the dispositive issue is whether the chancellor erred in denying dissolution of the injunction and dismissing the action.

As a general rule, a member of a labor union is not entitled to judicial relief from the decision of a local officer of tribunal of the union which settles a controversy adverse to him or her until the member exhausts remedial procedures within the union. *Haynes v. United Chemical Workers, CIO*, 190 Tenn. 165, 228 S.W.2d 101 (1950). *See also Bryan v. International Alliance*, 43 Tenn. Ct. App. 180, 306 S.W.2d 64 (1957). However, the courts may intervene where the union's own procedures have not been followed. *Coke v. United Transportation Union*, 552 S.W.2d 402 (Tenn. Ct. App. 1977).

In the instant case, there is nothing in the union's constitution providing for a re-vote as ordered by the chancellor. The chancellor's order for a re-vote, if allowed to stand, would in effect alter the union's internal procedures, and such an intrusion is not warranted by the record in this case. We note, however, that the chancellor's ruling implicitly accepts the union's ruling that there is no requirement for a general membership vote as initially claimed by Mr. Dowdy. It is undisputed

in this record that the executive board acted within its authority in its dismissal of Ms. Crook, and the record reflects no justification for the court's intrusion into the union's affairs.

Mr. Dowdy maintains that if the Court should decide that the chancellor exceeded his authority in ordering a re-vote, that the case should be remanded for further proceedings in the trial court. We disagree with that reasoning. The original complaint seeks an injunction to enjoin defendants from removing Ms. Crook and from filling the executive director position until the general membership is allowed to vote and until such time as the international union addresses the charges filed against Willie Joe Alexander and others arising out of the removal of Ms. Crook. The order granting the temporary injunction provided that the proceedings in the case would be held in abeyance until a determination is made by the international union on matters regarding the discharge of Dorothy Crook. A determination has now been made by the international union which is undisputed in the record that the general membership is not authorized to vote on this matter and that Ms. Crook's termination was in accord with the union's rules. It is time for the Court's interference with the union's internal affairs to terminate.

Accordingly, the order of the trial court is vacated. The motion to dissolve the injunction is granted, and the complaint is dismissed. Costs of the appeal are assessed against the plaintiff, Alfred Dowdy and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.